## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

TIMOTHY A. SEARS,                )
                                 )
              Plaintiff,         )
                                 )
v.                               )     Case No. CIV-13-497-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
              Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Timothy A. Sears (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 3, 1960 and was 51 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has worked in the past as a boilermaker, overnight stocker, lathe operator, tire recapper, pipeline laborer, boat wirer, and scaffolding builder. Claimant alleges an inability to work beginning December 31, 2008 due to limitations resulting from back pain radiating to her legs and

feet, bad vision in one eye, depression, anxiety, and mood swings.

## Procedural History

On December 15, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard II ("ALJ") on June 7, 2012 with the ALJ presiding in McAlester, Oklahoma and Claimant appearing by video in Fort Smith, Arkansas. The ALJ issued an unfavorable decision on June 13, 2012. On August 30, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform medium work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

fully and fairly develop the record; (2) reaching an improper RFC determination; and (3) finding Claimant could perform a job at step five.

## Fully and Fairly Developing the Record

In his decision, the ALJ determined Claimant suffered from the severe impairments of mild degenerative disc disease of the lumbar spine, affective mood disorder, generalized anxiety disorder, personality disorder, and substance addiction disorder. (Tr. 14). He concluded that Claimant retained the RFC to perform medium work. In so doing, he found Claimant could lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. He also found that due to psychologically based factors, Claimant could perform unskilled work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time, where supervision was simple, direct and concrete, interpersonal contact with co-workers was incidental to the work performed, like assembly work, and with no dealings with the public. (Tr. 17).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of hand packer and auto detailer, both of which the expert testified existed in

sufficient numbers in the regional and national economies. (Tr.
25). As a result, the ALJ concluded Claimant was not disabled for
the relevant time period. (Tr. 26).

Claimant contends that the ALJ should have required a medical
source statement from a consultative examiner in order to ascertain
the functional limitations imposed by Claimant's physical
conditions. On January 26, 2011, Claimant was examined by Dr. Seth
Nodine. Claimant complained of back pain that radiated to his left
hip and buttock and down his left leg. He was also experiencing
numbness in his left foot. Dr. Nodine found Claimant was not in
acute distress but that he did have some pain with range of motion
in the lumbar spine. Dr. Nodine noted decreased sensation on the
left dorsum of the distal foot and toes on the left foot. He
ambulated at a normal and steady gait without the use of an
assistive device. Dr. Nodine diagnosed Claimant with lumbar back
pain with radiculopathy and a history of depression and mood
disorder. (Tr. 284). Claimant also contends that the ALJ should
have ordered a medical source statement from Dr. Theresa Horton
concerning Claimant's mental limitations, although Claimant admits
that the ALJ obtained such a statement from Dr. Spray, also a
psychological consultative examiner and so the mental functional
evaluation was supported even without the medical source statement

from Dr. Horton.

Certainly, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); <u>Branam v. Barnhart</u>, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain a statement from Dr. Nodine does not constitute reversible error.

## RFC Determination

Claimant also asserts the ALJ did not include all of Claimant's functional limitations in arriving at his RFC. On February 14, 2011, Claimant was evaluated by Dr. Theresa Horton, a licensed psychologist. Dr. Horton concluded Claimant suffered from bipolar disorder, type I, current episode was depressed, generalized anxiety disorder, history of alcohol abuse, and schizotypal personality traits. (Tr. 292). She found Claimant was capable of understanding, remembering, and managing simple instructions and tasks, and understanding those more complex but

will likely have serious problems with the management of tasks as they become more complex. Dr. Horton stated that Claimant did not appear capable of adequate adjustment into most occupational settings but would likely do better in small, familiar social settings. (Tr. 292-93).

Claimant was also evaluated by Dr. Robert Spray on May 11, 2012. Dr. Spray diagnosed Claimant with bipolar disorder, NOS currently depressed, generalized anxiety disorder, and a history of polysubstance abuse. (Tr. 334). Dr. Spray also completed a medical source statement on Claimant's mental functional limitations. He found Claimant to be severely limited in the areas of dealing with work stress, making simple work-related decisions, demonstrating reliability, and behaving in an emotionally stable manner. (Tr. 335, 337). He also determined Claimant was markedly limited in the areas of relating to co-workers, interacting with supervisors, functioning independently, maintaining attention and concentration for extended periods of time, maintaining regular attendance, completing a normal workday and/or workweek without interruptions from psychologically based or pain related symptoms, avoiding undue constriction of interests, adjusting to the introduction of new and unfamiliar personnel, either among co-workers or supervisors, interacting with the public, accepting

instructions and appropriately responding to criticism from supervisors, getting along with co-workers or peers without distracting them or exhibiting behavioral extremes, and working in coordination or proximity to others without being distracted by them. (Tr. 335-37).

The ALJ afforded both the report of Dr. Horton and the medical source statement by Dr. Spray "little weight." (Tr. 22). Instead, the ALJ rejected the reports from these examining consultative physicians in favor of the non-examining state agency consultants. (Tr. 22). However, the ALJ noted that Claimant had not lost his jobs due to any of the "severely" limiting psychological factors identified by Dr. Spray and Dr. Horton but rather because he was laid off or moved his location. (Tr. 21). Additionally, although Dr. Spray found Claimant had marked limitations in independent functioning, the evidence indicated Claimant had hitchhiked to California six times and considered himself a "traveling man." (Tr. 22).

The ALJ is required to consider every medical opinion in reaching his assessment and must provide specific, legitimate reasons for rejecting an opinion. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The ALJ provided adequate reasoning for rejecting the limitations found by the consultative examiners.

Beyond providing such a basis for rejecting the opinions, Claimant is requesting that this Court reweigh the evidence upon which the ALJ relied in reaching his RFC, something this Court is prohibited from doing.  Rutledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000).

Claimant also contends the ALJ failed to properly set forth Claimant's physical limitations in his RFC evaluation.  Claimant merely cites to the various conditions from which he suffers and then asks this Court to conclude that the activity is "clearly too much for [Claimant] to tolerate."  Drawing such conclusions without medical support in the record is not permitted by either the ALJ or this Court on review.  Moreover, Dr. Nodine's evaluation of Claimant supported the ALJ's findings on Claimant's lack of physical restriction.  No error is attributed to the ALJ's physical RFC findings.

In an oblique challenge to the ALJ's credibility findings, Claimant states that the RFC conclusion must incorporate an analysis on Claimant's credibility.  The ALJ determined Claimant's treatment history and level of activities of daily living.  (Tr. 16).  The ALJ compared Claimant's testimony on his limitations with the medical evidence and found his testimony to be less than credible.  (Tr. 23-24).  It is well-established that "findings as

10

to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ accurately assessed Claimant's claims of limitations in light of the entire record available to him. This

Court finds no deficiencies in his analysis which would warrant reversal.

## Step Five Analysis

Claimant contends the ALJ did not include all of Claimant's limitations in his hypothetical questioning of the vocational expert at step five. This argument assumes that this Court would find error in the ALJ's RFC assessment. No such error was found. A review of the questioning of the vocational expert reveals that the limitations proposed by the ALJ accurately reflected the RFC he found (Tr. 52-55) and, therefore, no error is attributed to the questioning of the expert.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the

District Court based on such findings.

DATED this 26th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE